Filed 4/24/14  P. v. Casillas CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063400 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS252686) |
| MANUEL ANGEL CASILLAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard III and Ana L. Espana, Judges.  Affirmed.

Buckley & Buckley and Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina and Barry Carlton Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury found Manuel Angel Casillas guilty of assault on a custodial officer (Pen. Code, § 241.1)[1] and resisting an executive officer (§ 69).  He admitted having two prior prison commitment convictions (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).  The trial court sentenced him to an aggregate term of two years and four months in prison, to be served consecutive to his sentence in another case. (See *People v. Casillas* (Oct. 21, 2013, D062069) [nonpub. opn.].)  The court also imposed various fines and fees, including a criminal justice administration fee.

Casillas appeals, contending we must reverse the criminal justice administration fee because he was already in custody at the time he committed his crimes.  He also requests we independently review the record of an in camera proceeding conducted under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*)[2] to determine whether the court erred in finding two sheriff's deputies' personnel records contained no discoverable information.

We conclude Casillas has not established the court erred in imposing the criminal justice administration fee.  In addition, we have reviewed the record of the in camera *Pitchess* proceeding and conclude the court did not err in finding the deputies' personnel records contained no discoverable information.  We, therefore, affirm the judgment.

---

1    Further statutory references are also to the Penal Code unless otherwise stated.

2    The Legislature essentially codified *Pitchess* in sections 832.5, 832.7, 832.8 and Evidence Code sections 1043 through 1047.  (*People v. Mooc* (2001) 26 Cal.4th 1216, 1225, fn. 3 & 1226.)

BACKGROUND

Two sheriff's deputies went to Casillas's jail cell to transport him to court. Although Casillas had at least 30 minutes notice the deputies were coming for him, they found him on his bunk in his underwear. One of the deputies told Casillas to get dressed for court. Casillas declined, stating he needed to take "a bird bath" in his cell sink. The deputies repeatedly instructed him to hurry up and get ready to leave. He repeatedly told them he was going to take his time and take a bird bath. Eventually, he went over to the sink and started brushing his teeth, but he continued to decline to get dressed for court, stating he needed to take a bird bath.

When he finished brushing his teeth, he turned toward, spat at, and punched one of the deputies in the mouth. The deputy attempted to push Casillas to the back of the cell and gain control of him with control holds and punches. The second deputy likewise attempted to gain control of Casillas with control holds and punches. Both deputies repeatedly commanded Casillas to stop resisting and lie on the ground, but Casillas did not comply. Instead, he swung his fists wildly and struck the second deputy's midsection. Other deputies subsequently arrived to assist and collectively the deputies were able to restrain Casillas.

As a result of the incident, the first deputy sustained a cut lip and a broken hand. The second deputy sustained a sprained wrist. Casillas sustained no significant injuries.

DISCUSSION

I

*Criminal Justice Administration Fee*

Government Code section 29550, subdivision (c), provides: "Any county whose officer or agent arrests a person is entitled to recover from the arrested person a criminal justice administration fee for administrative costs it incurs in conjunction with the arrest if the person is convicted of any criminal offense related to the arrest, whether or not it is the offense for which the person was originally booked. The fee which the county is entitled to recover pursuant to this subdivision shall not exceed the actual administrative costs, including applicable overhead costs incurred in booking or otherwise processing arrested persons."

" '[A]ctual administrative costs' include only those costs for functions that are performed in order to receive an arrestee into a county detention facility. Operating expenses of the county jail facility including capital costs and those costs involved in the housing, feeding, and care of inmates shall not be included in calculating 'actual administrative costs.' . . . 'Actual administrative costs' may include any one or more of the following as related to receiving an arrestee into the county detention facility: [¶] (1) The searching, wristbanding, bathing, clothing, fingerprinting, photographing, and medical and mental screening of an arrestee. [¶] (2) Document preparation, retrieval, updating, filing, and court scheduling related to receiving an arrestee into the detention facility. [¶] (3) Warrant service, processing, and detainer. [¶] (4) Inventory of an arrestee's money and creation of cash accounts. [¶] (5) Inventory and storage of an

4

arrestee's property.  [¶] (6) Inventory, laundry, and storage of an arrestee's clothing.  [¶] (7) The classification of an arrestee.  [¶] (8) The direct costs of automated services utilized in paragraphs (1) to (7), inclusive.  [¶] (9) Unit management and supervision of the detention function as related to paragraphs (1) to (8), inclusive."  (Gov. Code, § 29550, subd. (e).)

At the sentencing hearing, the court imposed a $154 fee under this section. Although Casillas did not object to the fee below, he contends on appeal the court erred in imposing the fee because he was already in custody at the county jail when he was arrested and, consequently, the county could not have incurred any actual administrative costs in receiving him into the jail after his arrest.

However, as the People correctly point out, Casillas has the burden of affirmatively demonstrating error on appeal and he has not identified any evidence in the record from which we may reasonably infer the county did not incur any qualifying arrest-related costs.  (*People v. Gamache* (2010) 48 Cal.4th 347, 378.)  To the contrary, given the circumstances of Casillas's crimes, we may reasonably infer the county incurred arrest-related costs to search, fingerprint, photograph, medically screen, and classify him. (Gov. Code, § 29550, subd. (e)(1) & (7).)  We may also reasonably infer the county incurred arrest-related costs for "[d]ocument preparation, retrieval, updating, filing, and court scheduling" as well as for automation and supervision.  (Gov. Code, § 29550, subd. (e)(2), (8) & (9).)  Accordingly, we conclude Casillas has not established the trial court erred in imposing the criminal justice administration fee.

II

*Pitchess Motion*

Before trial, Casillas moved under *Pitchess*, *supra*, 11 Cal.3d 531 for discovery of information in the personnel records of the two deputy victims.  The court granted the motion, agreeing to review the deputies' personnel records to determine whether they contained discoverable information related to acts of excessive force.  After conducting an in camera review, the court determined there was no discoverable information.

At Casillas's request, and with no objection by the People, we have independently reviewed the record of the in camera *Pitchess* proceeding.  (See, e.g., *People v. Hughes* (2002) 27 Cal.4th 287, 330.)  We conclude the court did not err in finding there was no discoverable information in the deputies' personnel records.

DISPOSITION

The judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


HALLER, J.


AARON, J.

6